IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shonney Byrd,<br><br>    Plaintiff,<br><br>vs.<br><br>Nancy A. Berryhill, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | Civil Action No. 5:17-2110-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 28, 2018, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff filed objections to the R & R, and the Commissioner filed a reply. (Dkt. Nos. 19, 21).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28

U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

The Magistrate Judge, in a comprehensive and well-reasoned R & R, addressed each of the issues now the subject of Plaintiff's objections and concluded that the Commissioner's final decision complied with controlling legal standards and was supported by substantial evidence. The Administrative Law Judge (ALJ) was presented evidence from criminal investigators indicating that Plaintiff was exaggerating her impairments and was not as limited as she claimed. The ALJ carefully weighed the conflicting evidence, after affording the Plaintiff opportunities to rebut the offered testimony, and made critical credibility determinations. The ALJ concluded

that Plaintiff, in fact, suffers from several severe orthopaedic impairments which place limits on her ability to function in the workplace, but she retains the RFC to perform less than the full scope of light work. After reviewing this voluminous record, the Court finds that there is substantial evidence to support the decision of the Commissioner and the decision is otherwise in compliance with controlling law. Under such circumstances, the Court is obligated to affirm the decision of the Commissioner. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 15, 2019
Charleston, South Carolina